United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40732
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ELMER DAVID ESPINA-MOSCOSO,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CR-13-ALL
---------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Elmer David Espina-Moscoso (Espina) pleaded guilty to one

count of reentering the United States without permission after

having been deported.  Because Espina's prior deportation

followed an aggravated-felony conviction, he was subject to the

increased-penalty provisions of 8 U.S.C. § 1326(b).  Espina

contends that the treatment of felonies and aggravated felonies

as sentencing factors under § 1326(b)(1) and (2) is

unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

466 (2000), and that he should be resentenced subject to the two-year maximum set forth in § 1326(a).

Espina's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Espina contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Espina properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.